## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARK SINGER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 19-CV-3954 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Mark Singer, by his undersigned attorneys, respectfully submits the following Complaint against Defendant City of Chicago:

## PARTIES, JURISDICTION, & VENUE

1.      Plaintiff Mark Singer is a resident of this District.

2.      Defendant City of Chicago is a municipal corporation in this District.

3.      The Court has jurisdiction pursuant to 42 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 42 U.S.C. § 1367.

4.      Venue is proper, because both parties are residents of this District, and the acts and omissions giving rise to Plaintiff's claims occurred in this District.

## BACKGROUND

5.      In October 2012, Plaintiff was arrested by members of the Chicago Police Department executing search and arrest warrants at Plaintiff's home in Chicago based on unfounded criminal theft charges instituted by his former employer Progressive Care, S.C.

6.      The police ransacked Plaintiff's home, and seized virtually every item of valuable personal property Plaintiff had collected over his sixty-three year lifetime, including expensive

camera equipment, hundreds of valuable pens and pencils, and rare (lawfully-possessed) firearms. The personal property seized was worth several hundred thousand dollars.

7.      The police seized Plaintiff's personal property based on false allegations that the property was acquired with money purportedly stolen from Plaintiff's former employer.

8.      Plaintiff's personal property was held at the Chicago Police Department's Evidence & Recovered Property Section ("ERPS") pending the criminal case against Plaintiff as alleged evidence of the purported theft.

9.      The Cook County State's Attorney's Office ultimately dismissed the criminal charges against Plaintiff in June 2014.

10.      After the dismissal of the charges against Plaintiff, ERPS failed to return the personal property seized from Plaintiff.

11.      At all relevant times, it was the official, express policy of the City of Chicago, the Chicago Police Department, and ERPS not to return a criminal defendant's property, even after the dismissal of all criminal charges, in the absence of a court order directing the City to return the property to its rightful owner. It was further the express policy of the City of Chicago, the Chicago Police Department, and ERPS to destroy, confiscate, or sell property not claimed by a criminal defendant within 30 days of his or her final court date.

12.      Plaintiff was never notified of these policies. Plaintiff did not receive any notice regarding how to retrieve his property after the dismissal of the criminal charges against him. Plaintiff had no idea where his property was when the criminal charges against him were dismissed.

13.      Even had Plaintiff known how to go about retrieving his property, the City's policy placed an undue burden upon him. Forcing Plaintiff to obtain a court order establishing

2

his right to his own property after the dismissal of all charges against him was unreasonable and undue.

14.     In 2010, the Seventh Circuit Court of Appeals recognized in *Gates v. City of Chicago* that these City's policies violate due process by placing an undue burden on criminal defendants, who are forced to undertake a completely unnecessary legal burden to retrieve their own property.

15.     The City made no changes to its unconstitutional policy after the *Gates* decision in 2010.

16.     Virtually every criminal defendant with property being held by ERPS does not retrieve his or her property after the conclusion of criminal proceedings in his or her favor because the City systematically fails to provide notice of how to retrieve property and places an unconstitutional burden on these individuals to regain their rightful property.

17.     As a result of the City's unconstitutional policies, which have been in effect for decades, ERPS has accumulated an enormous treasure trove of personal property that has not been returned to its rightful owners, becoming increasingly difficult every year to house. According to a report by the City's Inspector General in 2012, property from this treasure trove also not too infrequently goes missing.

18.     In Spring 2018, Plaintiff learned that ERPS had been holding his property, and visited ERPS on June 12, 2018 to retrieve his property.  During this visit, Plaintiff learned that many of the most valuable items had been destroyed, sold, or could not be located.  These items would not have been destroyed, sold, or vanished had the City not maintained its unconstitutional policies regarding the return of property belonging to criminal defendants.

19.     To retrieve the remaining items of his property from ERPS, Plaintiff was forced to retain counsel to secure two separate court orders for the return of his property (one order for the firearms, one for the rest).

20.     As of the date of this filing, ERPS has returned to Plaintiff only a few of the less valuable items of his property, and Plaintiff is still working to get his remaining firearms from ERPS.  Most of Plaintiff's property, however, is gone.

<strong>COUNT I – 42 U.S.C. § 1983</strong>

21.     Plaintiff realleges and reincorporates paragraphs 1 through 20 as though fully set forth herein.

22.     The 14th Amendment to the United States Constitution guaranteed that Plaintiff could not be deprived of his property without due process of law.  The City deprived Plaintiff of his due process rights by adopting:  (a) an express policy of refusing to return a criminal defendant's property in the absence of a court order, even after the criminal case has been resolved in the defendant's favor and there was no justification to keep such property; (b) an express policy of failing to provide a criminal defendant a hearing before or after the destruction or sale of property; and (c) an express or *de facto* policy of failing to notify criminal defendants of how to retrieve their property after criminal charges had been resolved in their favor.

23.     The City further violated Plaintiff's rights under the Fifth Amendment to the United States Constitution by taking and destroying his property without any compensation, much less just compensation.

24.     As a direct and proximate result of the City's unconstitutional policies and violation of Plaintiff's 5th and 14th Amendment rights, Plaintiff has been deprived of extensive

personal property worth several hundred thousand dollars, been forced to retain an attorney to obtain court orders for the return of his property, and suffered emotional distress.

25.     The City's unconstitutional policies were the moving force behind Plaintiff's injuries.

## COUNT II – CONVERSION

26.      Plaintiff realleges and reincorporates paragraphs 1 through 20 as thought fully set forth herein.

27.     Plaintiff has demanded return of his property from ERPS, and is entitled to immediate possession of his property.

28.     ERPS failed to return Plaintiff's property, much of which has been destroyed or sold.

29.     As a direct and proximate result, Plaintiff has lost and/or been deprived of extensive personal property worth several hundred thousand dollars and suffered emotional distress.

## COUNT III – CONSTRUCTIVE BAILMENT

30.     Plaintiff realleges and reincorporates paragraphs 1 through 20 as thought fully set forth herein.

31.     The City held Plaintiff's property under a constructive bailment whereby it was obligated under principles of justice to keep Plaintiff's property safe and deliver it back to Plaintiff.

32.     As a result of the City's breach of its constructive bailment duty, Plaintiff was deprived of or lost extensive personal property worth several hundred thousand dollars and suffered emotional distress.

**WHEREFORE**, Plaintiff Mark Singer respectfully requests that the Court enter judgment in his favor and against Defendant City of Chicago, awarding him compensatory damages; injunctive relief, including requiring the City to change its unconstitutional policies; attorney fees in this action; costs; expenses; pre-judgment interest; and post-judgment interest.

DATE:  June 12, 2019                                      Respectfully Submitted,

By:  /s/ Marko Duric

Robert Robertson
Marko Duric
ROBERTSON DURIC
One North LaSalle, Suite 300
Chicago, Illinois 60602
(312) 223-8600
rob@robertsonduric.com
marko@robertsonduric.com

6